Ruffin, C. J.
The court does not perceive in either of the reasons assigned in the exception, a ground for reversing the judgment.
If, in the excitement and hurry of the trial, the defendant’s counsel had, through inadvertence, omitted to cross-examine to any particular point, material to the defence, it is almost certain, that the presiding judge would have allowed him to resume the cross-examination, as to the omitted matter. Such indulgencies are usual, when needful to the advancement of truth and justice. But the counsel did not ask it as a favor to be allowed to cross-examine this witness, nor submit to be confined to any particular point, stated to be essential to the defence. On the contrary, the counsel insisted on taking up anew a general cross-examination, as his absolute right. We think his Honor properly denied it. He ruled according to the established order of proceeding in the trial of causes; and were it otherwise, and counsel had the arbitrary power of resuming cross-examinations as often as they chose, it is obvious *408 it would lead to great abuses in harrassing witnesses and protracting trials.
The act of 1796 forbids a judge from giving to the jury an Opinjonj whet.her a fact be fully or sufficiently proved. But in the observation of his Honor, which is excepted to, there is no expression of opinion upon any fact whatever. It is stated in the ease, that, according to the terms of her testimony, the witness proved the assault to have been made on her, as charged in the indictment. Then, the only question must have been on her credibility. That, if disputed, the ¡court distinctly left exclusively to the jury. They were told, that “should they believe the story of the witness, it would be their duty to find the defendant guilty.” The observation, which followed, affirms no fact .and gives no intimation as to any fact. It is a mere truism in law ; in substance, that no .one is so high as to be aboye obedience to the law, nor any so low as not to be .entitled to its protection. We cannot discover that the remark could have had any operation in the minds of the jurors in making up their yerdict, except, perhaps to deepen th,e salutary impression, so generally prevalent among the citizens ,of this ¡State, of the duty of the impartial administration of justice, It insinuated to th,e jury no bias upon the questions of fact. It must therefore be .certified to the Superior Court, that there is no error in the judgment.
Hj?b, CpamWs Ordered accordingly,