ELIZABETH C. ROUNTREE

*v.*

SARAH TALBOT *et al.*

1. WILL—*construction—inconsistent clauses.* If two parts of a will are totally irreconcilable, the subsequent part is to be taken as evidence of a subsequent intention and must prevail; but this rule applies only in those cases where the intention of the testator can not be discovered, and the two provisions are so totally inconsistent that it is impossible for them to coincide with the general intention of the testator.

2. SAME—*intention governs in construction.* The great and leading principle in the construction of wills is, that the intention of the testator, if not inconsistent with the rules of law, shall govern, and the intention is to be ascertained from the whole will taken together. The courts, if possible, will adopt such construction as will uphold all the provisions of the will.

3. SAME—*life estate not defeated by subsequent devise of fee.* Where a testator clearly manifests an intention to give his wife a life estate in all his real estate, that intention will not be defeated by a devise of certain lots in the next clause to a daughter, in fee simple, but the wife will take a life estate in such lots, and the daughter the remainder in fee simple, thus giving effect to each clause of the will. Where the intention of the testator is incorrectly expressed, the court will effectuate it by supplying the proper words.

4. Where a testator devised to his wife, during her natural life, the possession, use, control, rents, issues and profits of all the real estate he might own at the time of his death, and also all his personal property and moneys, to have said personalty as her own, with authority to sell and dispose of the same as she might deem best, "but subject to the payment of the bequest to C D, hereinafter made," and in the next clause devised and bequeathed to C D two of his lots "in fee simple," "and the sum of $150 yearly as long as she lives," etc., it was *held*, that the words in the first devise, "subject to the payment of the bequest to C D," applied to the personalty and related to the payment of the sum of money bequeathed to C D, and that the gift to the wife was not subject to the *bequest* to C D, but subject to its *payment.*

5. SAME—*construction.* A clearly expressed devise of a life estate, to a wife, of all the testator's lands will not be defeated by subsequent clauses in the will in which two lots are devised to a daughter without reference to the wife's prior estate, and others to other parties, subject to her life estate. The difference in phraseology in the subsequent devises, although a circumstance favoring the construction that the daughter took an estate with a right to immediate possession as to the two lots devised to her, is not sufficient to control what appears to be the manifest intention.

6. NEW TRIAL—*in ejectment.* Where a new trial is granted in an action of ejectment, under the statute, upon the payment of costs, and the costs are afterwards paid, the judgment in effect will be vacated, and there is no error in having a second trial without a formal order vacating the prior judgment after the costs are paid.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. JAMES M. ROUNTREE, for the appellant.

Messrs. J. A. & A. L. WATTS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, by Elizabeth C. Rountree, against Sarah Talbot and another, wherein there were a verdict and judgment for the defendants, and the plaintiff appeals. The claim of title by both parties was under the will of Harry H. Talbot, deceased, the main question presented upon the record being on the construction of the will, whether or not thereunder the defendant Sarah Talbot took a life estate in the premises in controversy, viz: lots 40 and 42, in Barger's addition to Nashville. The material clauses of the will are: 1st, I give, devise and bequeath to my wife, Sarah Talbot, during her natural life, the possession, use, control, rents, issues and profits of all my real estate now owned by me and hereinafter described, so far as the same remains undisposed of at my death, and any other real estate hereafter acquired by me and owned by me at the time of my death, also all my household and kitchen furniture, goods, chattels, moneys and effects belonging to me at the time of my death, to have the said per-

sonalty as her own with authority to sell and dispose thereof as she may deem best, but subject to the payment of the bequest to Elizabeth C. Rountree, hereinafter made.

2d.   I give, devise and bequeath to my daughter, Elizabeth C. Rountree, in fee simple, lots No. 40 and 42, in Barger's addition to Nashville, and the sum of $150 yearly as long as she lives, to be paid her in half-yearly installments of $75 each, to be paid her at the Washington County Bank, in Nashville, Illinois, on the first days of January and July promptly, by my wife or my executor, as they may agree, etc.

3d.   I give, devise and bequeath to my granddaughter, Ida Rountree, in fee simple, subject to the right of my wife, Sarah Talbot, to take and use the rents, during her lifetime, lots No. 6 and 9, in Robert S. Coffey's addition to Nashville, the possession and rents to go to her on the death of my wife.

4th.   I give, devise and bequeath to my granddaughter, Sophia Brown, in fee simple, subject to the right of my wife, Sarah Talbot, to use the rents, during her lifetime, lots 7 and 8 and the west half of lots No. 6 and 9, in Robert S. Coffey's addition to Nashville, the possession and rents to go to her on the death of my wife.                                             ;

5th.   I give, devise and bequeath to my daughter, Emily Brown, in fee simple after the death of my said wife, lot No. 8 and the east third of the south two-thirds of lot No. 6, both in block No. 4, in the town of Nashville, and all the residue of my goods, chattels, household and kitchen furniture, moneys and effects remaining unexpended after my wife's death, subject, however, to the payment, every six months, of the bequest to Elizabeth C. Rountree during her natural life as hereinbefore provided for.

There are no extrinsic circumstances in evidence to aid in the construction of the will, but it is left to be construed by itself alone.

In favor of the construction claimed by appellant, Elizabeth C. Rountree, that lots 40 and 42 were given to her clear of any life estate, three points are made by her counsel.   First,

that the rule of law is, that where there are two clauses in a will repugnant to each other, the first must be rejected and the latter prevail; and thus the second clause of the will, giving the lots to appellant in fee simple, must, as respects these lots, supersede the first clause, which gives to the wife of the testator, during her natural life, the use of all his real estate.

If two parts of a will are totally irreconcilable, the subsequent part is to be taken as evidence of a subsequent intention. But this rule is only adopted from necessity, to prevent the avoiding of both provisions for uncertainty. It is only applied in those cases where the intention of the testator can not be discovered, and where the two provisions are so totally inconsistent that it is impossible for them to coincide with each other or with the general intention of the testator. *Covenhoven* v. *Shuler*, 2 Paige, 129. The great and leading principle in the construction of wills is, that the intention of the testator, if not inconsistent with the rules of law, shall govern; and this intention is to be ascertained from the whole will taken together. Ibid. Courts will, if possible, adopt such construction as will uphold all the provisions of the will. 1 Redf. on Wills, 4th ed. 445. The author of this treatise remarks further: "There are frequent illustrations of the transposition of different provisions in a will, in order that an apparent repugnancy may be removed, to be found in the American, as well as the English reports. As, where the testator first devises his land in fee to one person, and subsequently devises the same land for life to another, the first shall take an estate in remainder, after the termination of the life estate. And the construction would be the same if the devises were made in the inverse order, since this is the only mode of reconciling the two." Id. 452, § 16. The intention of this will is most clear, that the testator's wife should have a life estate in all his real estate, the first clause of the will distinctly so declaring, and to emphasize the intention in this respect, it is described as, "all my real estate now owned by me, and hereinafter described, and any other real estate hereafter acquired by

me and owned by me at the time of my death." It can not be supposed that in the very next devise, in the following second clause, of lots 40 and 42, in Barger's addition to Nashville, to his daughter in fee simple, the testator had changed his intention and determined not to give his wife a life estate in these two lots, but to give them to the daughter clear of such life estate. Had the latter been the purpose, we must think that the devise to the wife would have been differently phrased, as of all the real estate except these two lots, or to that effect.

The second clause is not to be read by itself, but together with the first clause; and the devise to the daughter, in fee simple, of the two lots, is to be considered in view of the next preceding devise, to the wife, of a life interest in all the real estate, and be held as a devise, to the daughter, of the lots subject to that life interest, thus reconciling the two provisions, in accordance with the manifest intention of the will. Where the intention of the testator is incorrectly expressed, the court will effectuate it by supplying the proper words. *Covenhoven* v. *Shuler, supra.*

The second point urged in favor of the construction claimed by appellant is, that the concluding words of the first clause, "but subject to the payment of the bequest to Elizabeth C. Rountree hereinafter made," refer to the land and money given in the second clause, and thus exclude the life estate as to these two lots.

The first clause gives to the wife also all the moneys and personalty of the testator, and we think the words mentioned apply to the personalty, and relate to the payment of the bequest of the annuity of $150 given to Elizabeth C. Rountree in the second clause of the will. The gift to the wife is not subject to the *bequest* to Elizabeth C. Rountree, but subject to the *payment* of the bequest to her. There is no land to be paid to the latter, but a sum of money, of $150 yearly; and the payment of the bequest referred to is the payment of this sum of money, as we understand. Bequest applies properly to

a gift, by will, of a legacy, that is, of personal property ; devise is properly a gift, by testament, of real property. See " Bequest," Bouvier's Dictionary. We regard the intention here as in agreement with the use of the term bequest in its proper meaning.

The further point which is urged by appellant is, that the devises in the third and fourth clauses of the will to the two granddaughters, in fee simple, of the lots given to them, contain the words, " subject to the right of my wife, Sarah Talbot, to take and use the rents during her lifetime," and the devise in the fifth clause to the daughter, Emily Brown, in fee simple of the lots given to her, has the words, " after the death of my said wife," and that the absence of any such words of qualification in the devise to appellant in the second clause, manifests the intention that appellant was not to take subject to any interest in the wife, but was to have the right to immediate possession. This is without doubt a circumstance favoring the construction contended for by appellant, and is entitled to its weight. But whatever the reason of this difference of phraseology, whether but an accidental omission in the case of appellant or not, we can not regard it as of such force as to overcome the clearly expressed devise to the wife, and to control what we otherwise regard as the clearly manifest intention of the will.

A former trial of the cause by a jury, in the court below, resulted in a verdict in favor of the plaintiff, appellant; a motion for a new trial was made and overruled, and judgment entered upon the verdict, and thereupon a motion was entered by the defendants for a new trial, under the statute, which was allowed upon payment of the costs within one year. This was on the 25th day of October, 1875.

On the 26th day of April, 1877, the plaintiff entered a motion for a writ of possession because there had not been any order within one year vacating the judgment, which motion was denied, and another trial had by the court without a jury at the April term, 1877, which resulted in the judgment in

favor of the defendants from which the present appeal was taken.

It is assigned for error, the overruling of plaintiff's motion for a writ of possession, and compelling her to go to trial the second time. The point of objection is, that there could be no order made for the vacating of the judgment until after the costs had first been paid, and that the conditional order of the allowance of a new trial upon payment of costs within one year was erroneous. There is no force in this objection. Under the conditional order which the court made, upon the payment of costs within one year, the judgment was in effect vacated, and the defendants entitled to a new trial. There is no pretense that the costs were not paid within the year.

Finding no error, the judgment in favor of the defendants is affirmed.

*Judgment affirmed.*