## ·MADELINE I. RICKNER

*v.*

## MARY KESSLER *et al.*

*Filed at Ottawa October 31, 1891.*

1. WILL—*intention of testator—ascertained from the language of the entire will.* In arriving at the intention of a testator it is necessary to consider each and every provision of his will. The intent must be determined from the language of the whole will, and no construction should be adopted which does violence to the language of any provision, so long as the different provisions can be harmonized and construed together.

2. SAME—*life estate—devise construed.* Where a testator, by his will, shows an intention to give his widow a life estate in all his real estate, that intention will not be defeated by a devise of certain lots in the next succeeding clause to a son or daughter in fee simple, but the widow will take a life estate in such lots, and the son or daughter the remainder.

3. A testator devised to his wife all his estate, real and personal, for life, "to have and to hold the same for her sole and separate use * * * during her lifetime," subject to certain burdens annexed thereto in subsequent clauses, and then devised certain real estate to her in fee, and also certain other lots to his son and daughter in fee : *Held,* that the devise of the life estate to the wife was not destroyed or in any manner set aside by the subsequent devises in fee to her and to the son and daughter of the testator, and that the latter took no interest in the property devised to them until the death of the wife.

4. A testator, by the second clause of his will, devised to his wife a life estate in all his property, real and personal, and after her decease, then to his son and daughter the certain shares thereafter set forth. The devise to the wife was upon the condition that she was to continue his business then carried on, and from the profits thereof, and from the rents derived from all the property, pay the taxes and certain incumbrances on the land, and provide for the welfare and comfort of her mother. The wife paid the taxes and incumbrances and obtained a release from her mother : *Held,* that the wife, upon the satisfaction of the liens upon the property, and such release, did not hold the property, or any part thereof, in trust for the son and daughter, but took a life estate, free from the burdens annexed thereto.

Appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

Mr. William S. Everett, and Mr. John C. Everett, for the appellant:

The intention of the testator must be gathered from the words of the will, construed according to the letter and legal effect of them, giving effect to every word and part. *Dawes v. Swan,* 4 Mass. 208; *Arcularius v. Geisenhainer,* 3 Bradf. 64; *Covenhoven v. Shuler,* 2 Paige, 122; *Lynch v. Prendergast,* 67 Barb. 501.

A second devise of the same land operates upon and destroys the first. *Jones v. Branbert,* 1 Scam. 276.

Where two clauses or gifts are irreconcilable, so that they can not possibly stand together, the clause or gift which is posterior in local position shall prevail, the subsequent words being considered to denote a subsequent intention. 1 Jarman on Wills, (3d ed.) 442; *Dawes v. Swan,* 4 Mass. 208; *Sims v. Doughty,* 5 Ves. 247; *Brownfield v. Wilson,* 78 Ill. 470.

That the life estate was subject to a trust for the children of the testator, see *Jesson v. Wright,* 2 Bligh, 56; *Briggs v. Penny,* 3 McN. & G. 557; *Hill v. Bishop of London,* 1 Atk. 620; *Smith v. Bell,* 6 Pet. 76; 1 Lewin on Trusts, p. 147, sec. 16; *Sidney v. Shelby,* 19 Ves. 352; *Vezey v. Jamieson,* 1 Sim. & Stu. 69; *Nichols v. Allen,* 130 Mass. 212; Perry on Trusts, sec. 157; *Fitch v. Weber,* 6 Hun, 145; *Pratt v. Maddon,* 14 Ves. 198.

Mr. G. W. Stanford, for the appellees:

The intention of the testator must be ascertained, if possible, from the language of the whole will, and no intent which does violence to the language of the testator, used and applied in its usual and ordinary sense, will be presumed. *Welch v. Savings Bank,* 94 Ill. 191; *Rountree v. Talbot,* 89 id. 246; *Covenhoven v. Shuler,* 2 Paige, 129; *Bland v. Bland,* 103 Ill. 12; *Hamlin v. Express Co.* 107 id. 443.

The court will, if possible, adopt such construction of the instrument as will sustain and give force and effect to each and all of the provisions of the will. *Welch* v. *Savings Bank,* 94 Ill. 191; *Brownfield* v. *Wilson,* 78 id. 468; Redfield on Wills, 445-452; *Jones* v. *Doe,* 1 Scam. 576.

The court will not indulge in any artificial rule of construction. *Kennedy* v. *Kennedy,* 105 Ill. 350.

The court will not give such force to subsequent or later provisions in the will as to render void an earlier provision, unless the several provisions are wholly irreconcilable. *Rountree* v. *Talbot,* 89 Ill. 246.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by appellant, Madeline J. Rickner, in the circuit court of Cook county, against Mary Kessler and George R. Kessler, for the purpose of obtaining a construction of the will of Peter Kessler, deceased, and for the purpose of establishing certain trusts which it is alleged the will created. To the bill the defendants interposed a general demurrer, which was sustained by the court, and an order entered dismissing the bill for want of equity.

It is alleged in the bill that Peter Kessler, on the 24th day of June, 1886, made his last will, the material parts of which are as follows:

"*Second*—I give, devise and bequeath unto my said wife, Mary Kessler, all of the property, real, personal and mixed, of whatsoever kind and nature, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, to have and to hold the same for her sole and separate use, with the exceptions and conditions hereinafter set forth, during her lifetime, and after her decease, then unto my son, George R. Kessler, and my daughter, Madeline I. Kessler, the certain shares thereof as hereinafter set forth.

"*Third*—For one of the exceptions and conditions hereinbefore referred to, I hereby request and charge my said execu-

trix, and her successor or successors, to maintain and carry on the business in which I shall be engaged at the time of my decease, so far as she shall be able and deem fit, and from the profits thereof, and from the rents, profits and income derived from all of said property, after the payment of all taxes thereon and other just and reasonable expenses, pay, satisfy and discharge any and all mortgage or other incumbrances resting upon said real property, or any part or portion thereof, at the time of my decease.

"*Fourth*—And for one of the exceptions and conditions hereinbefore mentioned, I also hereby request and charge my said executrix, and her successor or successors, out of the rents, profits and income derived from said property and said business, or such portion thereof as to her seems fit, to provide for the welfare and comfort of her mother, Adeline Calson, to such extent and in such manner as reasonably befits the condition of life and station of the said Adeline Calson, during the lifetime of the said Adeline Calson.

"*Fifth*—I give, devise and bequeath unto my said wife, Mary Kessler, the building or buildings and the lot of ground known and designated as No. 457 South State street, in the city of Chicago, county of Cook, and State of Illinois, together with all the appurtenances thereunto belonging, in fee simple, for her own absolute use and disposal, to have and to hold the same unto the said Mary Kessler, her heirs and assigns, to her and their use and behoof forever, subject, however, to the trusts, exceptions and conditions hereinbefore set forth.

"*Sixth*—I give, devise and bequeath unto my said son, George R. Kessler, the buildings and lots of ground known and designated respectively as Nos. 459 and 461 South State street, in the city of Chicago, county of Cook, and State of Illinois, together with all the appurtenances thereunto belonging, to have and to hold the same unto the said George R. Kessler, his heirs and assigns, to his and their use and be-

hoof forever, subject, however, to the trusts, exceptions and conditions hereinbefore set forth.

"*Seventh*—I give, devise and bequeath unto my said daughter, Madeline I. Kessler, the building or buildings and lot of ground known and designated as No. 440 South State street, in the city of Chicago, county of Cook, and State of Illinois, together with all the appurtenances thereunto belonging, to have and to hold the same unto the same Madeline I. Kessler, her heirs and assigns, to her and their use and behoof forever, subject, however, to the trusts, exceptions and conditions hereinbefore set forth."

It is also alleged in the bill, that on the 1st day of July, 1886, the testator departed this life, leaving him surviving, his widow, Mary Kessler, his son, George R. Kessler, and complainant, his daughter, who is the Madeline I. Kessler named in said will, his sole heirs; that on the 13th day of July, 1886, the will was duly proved and admitted to record in open court as and for the last will and testament of Peter Kessler, deceased; that thereupon letters testamentary were issued to Mary Kessler, as executrix thereof, and by virtue thereof Mary Kessler possessed herself of the personal estate of said testator to a great amount, and also entered into possession of the real estate, and into receipt of the rents and profits thereof, and has ever since continued, and now is, in such possession and receipt; that on the 18th day of September, 1888, the final report of said executrix was ratified and confirmed by the probate court of Cook county, and the said executrix discharged. It is also alleged, that at the time of the death of testator the premises known as 457, 459 and 461, aforesaid, were encumbered by a certain mortgage executed by the said testator and his wife, to secure the sum of $10,000; that the executrix has paid the incumbrance, and the mortgage has been released; that the executrix has also procured a release from Adeline Calson, releasing the estate from all claims on account of the provision of the will made

in her behalf. It is also charged in the bill, that by the terms of the will the real estate known as 440 State street is held by Mary Kessler in trust, during her lifetime, for complainant, and that she ought to be required to pay over the income from the property to her. It is also alleged, that Mary Kessler holds the premises 457 State street in trust, for the benefit of complainant and George R. Kessler, and the net income thereof should be paid to them.

In arriving at the intention of the testator it is necessary to consider each and every provision of the will. The intent must be determined from the language of the whole will, and no construction should be adopted which does violence to the language of any provision, so long as the different provisions can be harmonized and construed together. Keeping this well settled principle in view, we think there is no trouble in arriving at a proper construction of the will in question. By the second clause of the will the testator in plain terms gave to his wife a life estate in all his real property, for her sole and separate use, subject to certain exceptions contained in the third and fourth clauses of the will. These exceptions did not interfere with the right of the wife to hold the property during her natural life, but merely imposed terms and conditions upon the disposal of the rents or profits arising from the property. The first exception, which is the third clause of the will, requested and charged the executrix to carry on the business in which the testator was engaged at the time of his decease, and from the profits of the business, and the rents derived from the real estate devised to the wife, she was directed to pay a mortgage which rested upon the real estate. The second exception, which was the fourth clause of the will, requested and charged the executrix, out of the rents derived from the property, and from the profits derived from the business which she was requested to carry on, to make provision for the welfare and comfort of her mother, Adeline Calson, during her natural life. These two exceptions imposed by the

third and fourth clauses of the will were mere burdens imposed upon the life estate. In other words, the life estate in the lands was conferred upon Mary Kessler, subject to the burdens imposed by the third and fourth clauses of the will, which she was required to observe and pay. The language of the second provision of the will is too plain to admit of any other construction. It is: "I give, devise and bequeath unto my said wife, Mary Kessler, all the property, real, personal and mixed, * * * of which I shall die seized, * * * to have and to hold the same for her sole and separate use * * * during her lifetime, and after her decease, then unto," etc. The language used contained nothing from which the conclusion can be reached that the widow, after the payment of the mortgage, and after she had obtained a release from her mother, held the property, or any part thereof, as a trustee for the benefit of complainant or any one else, but by the express terms of the second clause of the will Mary Kessler took the real estate belonging to the testator at the time of his death, during her natural life, for her sole and separate use, subject only to two conditions specified and set forth in the third and fourth clauses.

It is, however, said, the testator did not intend, upon the performance of the conditions and exceptions named, that Mary Kessler should have a beneficial life estate in all the property, from the fact that by the fifth clause of the will he gave her the property known as 457 South State street in fee. But little need be said in regard to this position. As has been said before, by the second clause of the will the testator gave his wife a life estate in all his real estate, with the condition, expressed in the third and fourth clauses, that she should pay all taxes, pay off a mortgage which was on a part of the property, and provide a suitable support for her mother. Having thus disposed of the property for the life of the wife, it was but natural that the testator should then proceed and dispose of the fee. This he did by the fifth, sixth and seventh pro-

visions of the will. By the fifth he devised to his wife the fee to lot 457 South State street; by the sixth he devised the fee to lot 459 to his son, George R. Kessler; and by the seventh he devised the fee to lot 440 South State street to his daughter, the appellant. Each of these bequests is made subject to the trusts, exceptions and conditions contained in the second, third and fourth clauses of the will.

In *Rountree* v. *Talbot*, 89 Ill. 246, it was held, that where a testator manifests an intention to give his wife a life estate in all his real estate, that intention will not be defeated by a devise of certain lots in the next clause to a daughter in fee simple, but the wife will take a life estate and the daughter the remainder. So here, the devise of the life estate to the wife was not destroyed or in any manner set aside by the devise of the fee by the fifth, sixth and seventh clauses of the will.

It is apparent from the last part of the second clause of the will that George R. and Madeline I. Kessler took no interest in the property devised to them until the death of the testator's wife. It is as follows: "And after her decease, (that is, after the decease of his wife,) then unto my son, George R. Kessler, and my daughter, Madeline I. Kessler, the certain shares thereof, as hereinafter set forth." Here is an express declaration of the testator in the will that the property devised to the son and daughter shall pass to them upon the decease of his wife. By this provision they are to have the property after her decease, and not before. Indeed, there is no provision of the will, when read in the light of all the provisions, that will sustain the position of appellant.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*