JOHN DELOSS ROBERTS

*v.*

HUMPHREY ROBERTS, Jr., *et al.*

*Filed at Ottawa January 18, 1892.*

1. WILL—*construed as to after-acquired property.* A testator, by a certain clause in his will, devised to his wife the use, benefit and income of all the residue of the real estate of which he should die possessed or in any manner be interested in, for and during her natural life, or so long as she should remain his widow. By a subsequent clause he gave and bequeathed to his wife and four children, "to be taken by them share and share alike, all the rest and residue of his property which has not been specifically bequeathed and devised, of whatever nature the same may be, whether real, personal or mixed." After making the will the testator acquired a one hundred and sixty acre tract of land : *Held,* on bill for partition, that the widow took a life estate in such after-acquired land, or an estate during widowhood.

2. SAME—*effect of subsequent clause—rule of construction.* The rule of construction is, that when an estate is given by one clause or part of a will it can not be cut down or taken away by a subsequent clause, except by clear and unambiguous terms; and it is sometimes said, that in order to give the later clause that effect, its language must be as clear as that of the clause giving the estate.

3. SAME—*how construed—effect to every part.* Courts will always, if possible, so construe wills as to give effect to each and every part. The words used are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained ; and the words used are in all cases to receive a construction that will give to every expression some effect, rather than one that will render any expression inoperative.

APPEAL from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. HARVEY A. JONES, and Mr. CHARLES A. BISHOP, for the appellant:

The court erred in decreeing that the widow had a life estate in the land in controversy, besides the one-fifth part thereof. 3 Redfield on Wills, (3d ed.) 367, note 36, 369; 8 Am. and Eng. Ency. of Law, 989; 13 id. 23; *In re Woodworth's Estate,* 31 Cal. 595; *Farnum* v. *Bascum,* 122 Mass. 282.

A later clause of a will, when repugnant to a former provision, is to be considered as intended to modify or abrogate the former. *Hamlin* v. *Express Co.* 107 Ill. 443; *Brownfield* v. *Wilson,* 78 id. 468; *Neill* v. *Caruthers,* 4 Bradw. 561.

Messrs. CARNES & DUNTON, for the appellees:

An express and explicit bequest will prevail over a provision in a subsequent codicil, which, standing alone, might seem to create a bequest by implication. 2 Redfield on Wills, 205; *Joiner* v. *Joiner,* 2 Jones' Eq. 68; Woerner's Am. Law of Administration, 874; *Walker* v. *Parker,* 13 Pet. 146.

An estate clearly given by one clause can not be taken away or cut down by raising a doubt upon the extent and meaning of a subsequent clause. *Barkdale* v. *White,* 28 Gratt. 224; *Thornhill* v. *Hall,* 2 C. & F. 22; *Collins* v. *Collins,* 40 Ohio St. 353.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

It is shown by this record that Humphrey Roberts, Sr., died testate in DeKalb county, this State, in June, 1887, leaving a widow and four children. On the 24th day of July, 1882, he executed a last will and testament, which, upon his death, was duly probated in the county court of said county. This will contains fifteen clauses. The first directs the payment of debts. The second the erection of a monument. The third is a bequest to his wife of household furniture, and certain real

estate in the village of Waterman. The fourth and fifth give his sons William and John DeLoss each small tracts of land. The sixth gives his daughter, Grace Lamb, a legacy of $3500 in money. The seventh devises to his son Humphrey, Jr., a small tract of land. The eighth is in the following language :

"*Eighth*—I give, bequeath and devise unto my wife, Catharine Roberts, the use, benefit and income of all the rest and residue of the real estate, wherever the same may be situate, of which I die possessed or in any manner interested in, for and during her natural life or so long as she shall remain my widow; and in case of her marriage, instead of the above bequeaths and devises to her, it is my will, and I hereby bequeath and devise to her in lieu of the same, such interest in my estate as she is entitled to under the laws of the State were I to die intestate."

The ninth, tenth, eleventh and twelfth devise to each of his said four children certain described tracts of land upon the death or marriage of his said wife. The thirteenth is a bequest to a grandson. The fourteenth is in the following language :

"*Fourteenth*—I give and bequeath unto my wife, Catharine Roberts, and my said children, William W. Roberts, John DeLoss Roberts, Humphrey Roberts, Jr., and Grace Lamb, to be taken by them, share and share alike, all the rest and residue of my property which has not been specifically bequeathed and devised, of whatever nature the same may be, whether real, personal or mixed."

The fifteenth appoints executors. John DeLoss, one of the sons, filed this bill against the widow and his said brothers and sister, praying for the partition of one hundred and sixty acres of land of which his father, Humphrey, Sr., died seized, but which was not mentioned in his will, it in fact being after-acquired property. The defendants answered jointly.

The only question raised by the bill and answer is, has the widow, Catharine Roberts, under said will, an estate for life or widowhood in the land described in the bill. The circuit

court held in her favor on this question, and decreed accordingly. We concur in that conclusion. The will of Humphrey Roberts, Sr., admits of no other construction. There is no ambiguity in the language of its eighth clause. It gives the widow for life, if she remains unmarried, an estate in all the lands of which the testator should die possessed, except such as had been devised in fee by preceding clauses, in the most positive, unequivocal and comprehensive language; and it being alleged in the bill that said Humphrey Roberts, Sr., died seized of the land in question, this clause gives his widow the estate for life, or widowhood, in it, as certainly as though the testator had owned it when he made his will and devised it to her by specific description.

Appellant bases his contention to the contrary on the fourteenth clause, insisting that by its language this land is devised to himself, his brothers and sister, and said widow, as tenants in common, in equal parts or shares, in fee, unincumbered by any life interest in said widow. If this construction can be maintained, it must be done by holding that said eighth and fourteenth clauses are so far repugnant to each other that the latter is evidence of a change in the mind of the testator as expressed in the former, because, as we have seen, there is no uncertainty in the language of the former.

It is perhaps impossible to find a case which can be said to be absolutely decisive of another involving the construction of a will, but upon principle this case can not be fairly distinguished from *Rountree* v. *Talbot et al.* 89 Ill. 246. There the first clause gave the widow a life estate in all the testator's real estate, but the second clause gave a daughter certain lots in fee, who contended that she took them unincumbered by a life estate in the widow. We there said: "The intention of this will is most clear that the testator's wife should have a life estate. * * * It can not be supposed that in the very next devise, in the following clause, of lots 40 and 42 * * * the testator had changed his intention, and determined not to

give his wife a life estate in these two lots, but to give them to the daughter, clear of such life estate." The uncertainty in that case arose from the language used in the second clause; and so here, if there is any uncertainty it is in the language of the fourteenth clause, and not in that of the eighth.

The rule of construction is, that where an estate is given by one clause or part of a will, it can not be cut down or taken away by a subsequent clause, except by clear and unambiguous terms, and it is sometimes said that in order to give the latter clause that effect, its language must be as clear as that of the clause giving the estate. There is, however, in this case no necessity for resorting to the rules applicable to the construction of a will containing contradictory or repugnant clauses. Courts will always, if possible, so construe wills as to give effect to each and every part of the same. Here that end can be accomplished by simply giving to the words used in the fourteenth clause their ordinary and generally accepted meaning. It is only by refining upon the technical meaning of the word "specifically," as here used, that counsel for appellant are able to make the fourteenth clause inconsistent with the eighth. The rule, however, is, "that words in general are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another can be collected, and that other can be ascertained; and they are in all cases to receive a construction which will give to every expression some effect, rather than one that will render any of the expressions inoperative." (1 Redfield on Wills, 428, quoted from Jarman.) It was clearly the intention of the testator to dispose of all his estate, real and personal, by the fourteenth clause, which had not been bequeathed or devised by those which preceded it, and so the language, "which has not been specifically bequeathed and devised," would ordinarily be understood. Thus construed, effect is given to every part of the will.

The decree of the circuit court will be affirmed.

*Decree affirmed.*