CHARLES H. SCOTT ET AL., Appellants, v. MARY MARGARET FULKERSON ET AL.—60 S. W. (2d) 34.

Division Two, April 20, 1933.

*Platt Hubbell* and *Geo. H. Hubbell* for appellants.

*E. M. Harber, R. E. Kavanaugh* and *Geo. E. Woodruff* for respondents.

COOLEY, C.—This case comes to the writer on reassignment. Though referred to by the parties as a suit to construe the will of one E. Wirt Fulkerson, deceased, it is in reality an action to determine title to part of the real estate owned and devised by said

testator and for certain equitable relief, the decision depending, however, upon the construction of the will. The suit was instituted in the Circuit Court of Grundy County where the testator had been domiciled and his will was probated and where the lands in question lie, and was sent on change of venue to the Circuit Court of Daviess County where it was tried, resulting in a judgment for the defendants from which plaintiffs have appealed. The plaintiffs are Charles H. Scott individually and Mary Margaret Scott and Grace Lucille Scott, infant granddaughters of the testator, only children of a deceased daughter, who sue by Charles H. Scott their guardian and curator. Scott is the father of the minor plaintiffs. The defendant Mary Margaret Fulkerson is the widow and the other two defendants, Lee Witten, a married daughter and Cortez D. Fulkerson, a son, are the only living children of the testator. Said two grandchildren, daughter and son constitute testator's heirs. The grandchildren. were respectively about seven and three years of age when the will was executed, April 10, 1919. Testator died December 10, 1925, being then about seventy-four years old. The widow's age is not shown except that she was "old" when her husband died.

By the first clause of his will the testator provided for payment of debts and funeral expenses. The second clause reads:

"I give and bequeath to my beloved wife, Mary Margaret Fulkerson, all of my household furniture, carriage and harness, together with all poultry and all live stock of every kind and description, all rents and profits, and incomes of every kind which may arise or be derived from my dwelling houses, lands and other appurtenances thereto wherever situated without the same being invoiced or accounted for by her to the probate court, or anyone else, and all money, notes, and evidences of indebtedness due to me of every kind, and I direct my executors to pay and turn same over to her as soon after my decease as it can be arranged; all of which I give to her to hold for her use and enjoyment during the term of her natural life, with a full power to use and spend the money and to sell and dispose of any or all of the property at any and all times as she may think proper, without order from, or reporting same to the probate court, and use the proceeds thereof as she may desire.

"I further give and devise to her during her natural life all of my real estate wherever situated."

By the third clause testator gives to his daughter Lee Witten, "subject to my wife's life estate therein," a certain described farm which, it is therein stated, is subject to an $8000 deed of trust, and certain town lots. By the fourth clause he gives to his son Cortez D. Fulkerson, "subject to wife's life estate," a described farm and certain town lots. The fifth and sixth clauses read:

. "Fifth: I give and devise to my grandchildren, Mary Margaret Scott and Grace Lucille Scott (and should either die without first

having bodily heirs, then to the survivor) my old home place, consisting of about one hundred forty (140) acres, known as the Hazel Dell Farm, in Grundy County, Missouri, to have and to hold the same during their natural life, the title to become absolute in them or either of them on the birth of issue, and to revert to the heirs of my body in the absence of such contingency.

"Sixth: In order to equalize the values of the farms given to my son, daughter and grandchildren, it is my will that the farm of my grandchildren be charged with the sum of fifteen hundred dollars ($1500) said sum to be paid within a year after my death to my daughter Lee, and that my daughter Lee assume and pay the Deed of Trust of eight thousand dollars ($8,000) for which her farm is now subject according to its date and tenor, and if not paid at my decease to be charged to her said farm and not to my general estate."

The personal estate of testator, aggregating about $3600, was turned over to the widow under clause two of the will. Testator owed no debts at his death.

The chief controversy between the parties herein is whether or not the widow, Mary Margaret Fulkerson, took and owns under the will a life estate in the realty devised to the grandchildren in the above quoted fifth clause of the will. She and her codefendants assert that she does own such life estate and the court so found and adjudged. Plaintiffs contend that by clause five the grandchildren took a defeasible fee in the land therein devised free from any life estate or other interest of the widow, notwithstanding the devise to the widow in clause two. No question is raised as to the title to any of the real estate other than that referred to in said fifth clause of the will, which is fully described in the petition and in the judgment. Other controversies in the case will be referred to later in this opinion.

Both sides concede and assert the well-settled proposition that the cardinal rule to be observed in the construction of a will is to ascertain and give effect to the testator's intent as therein expressed, and that in seeking such intent from the language used by the testator all parts and provisions of the will must be given due consideration. It is not disputed that where an estate is given in clear and unambiguous terms in one part of the will it will not be held to be cut down to a lesser estate by words less clear and decisive in a subsequent part, Payne v. Reece, 297 Mo. 54, 247 S. W. 1006, but: "*E converso*, if an estate be granted in one clause of the will its quantity may be cut down to a lesser estate by an express provision to that effect, or by words so strong and clear as to have that effect by plain and necessary implication." [Cox v. Jones, 229 Mo. 53, 63, 129 S. W. 221.]

In the second clause of the will in question the testator clearly gives to his wife a life estate in *all* of his real estate. First he gives and bequeaths to her, in addition to the personal property, the "in-

comes of every kind which may arise or be derived from my dwelling houses, *lands and other appurtenances thereto wherever situate,*'' to hold for her use and enjoyment during the term of her natural life. (Italics ours.) Then, as though to emphasize his intent and make doubly sure that she shall have the use and enjoyment of all the real estate during her life he adds: ''I further give and devise to her during her natural life *all of my real estate wherever situated.*'' (Italics ours.)

It cannot be successfully denied that said second clause of the will, in clear and unmistakable terms, gives to testator's wife a life estate in all of his real estate including that devised in the fifth clause to the grandchildren named. But appellants argue that the fifth clause makes no reference to the life estate given to the wife by clause two and in terms equally clear and strong devises the land there mentioned to the grandchildren subject only to the condition named as to birth of issue, resulting that the devise of the life estate in clause two is thereby cut down to a life estate in the remaining lands owned by testator. So far as concerns the land mentioned in clause five the construction contended for would not merely cut down the quantity of the estate granted by the second clause but would destroy it.

In this connection there is another well-established rule to be borne in mind, viz., that if possible the will is to be so construed as to harmonize clauses appearing to be inconsistent and give effect to each. [Bond v. Riley, 317 Mo. 594, 296 S. W. 401, 405; Crews v. Crews (Mo.), 240 S. W. 149; Badaracco v. Badaracco (Mo.), 202 S. W. 373; McAlister v. Pritchard, 287 Mo. 494, 230 S. W. 66.] This we think can be done in the instant case without rejecting any provision of the will and in consonance with the testator's intent as manifested by the will.

It is certain, as stated above, that by the second clause of the will the testator gave to his wife a life estate in *all* his real estate. The language used admits of no other construction. The intent so to do could hardly have been more clearly and positively expressed. Rather than attribute to him from the language of clause five an abandonment or contradiction of that intent thus clearly expressed, it is more reasonable to believe that, having by clause two carved out and given to his wife a life estate in all his lands, he then proceeded in the subsequent clauses to deal with the remainder, which he had not yet disposed of. Thus construed there is no repugnancy and all provisions of the will are given effect. By no other construction can that result be reached. And such we believe to be the proper construction and the true meaning and intent of the will as disclosed by all of its terms and provisions.

Testator's situation and surroundings at the time of making the will, so far as disclosed by the evidence, have but little if any

probative bearing upon the question at issue, but that little tends to strengthen rather than weaken the conclusion above stated. Testator's personal estate was small. His wife, the companion of his life and the mother of his children, was advanced in age. It is but natural that he should have desired to leave her declining years comfortably provided for. The two grandchildren, though motherless and of tender years, had a father who, the evidence indicates, was able-bodied and capable to support and educate them through infancy. The testator's intent to give his wife a life estate in all of his real estate, which we think is manifest from the will itself, appears not at all unnatural under the circumstances.

Numerous cases are cited by the parties in their briefs but aside from the statement of general rules and principles they are not of sufficient applicability to justify specific reference and review herein. It is rarely that two wills are found sufficiently alike that the construction of one furnishes a precedent for that of another. However, we have found one case in which the Supreme Court of Illinois had before it a will substantially identical on the point now under consideration with that in the instant case, viz., Rountree v. Talbot et al., 89 Ill. 246. In that case the testator by the first clause of his will gave to his wife his personal property and a life estate in all of his real estate. By the second clause he gave to his daughter Elizabeth, in fee simple, certain described lots of real estate without mentioning the wife's life estate. By the third, fourth and fifth clauses he gave to other descendants, a daughter and some grandchildren, certain described parcels of real estate, mentioning in each case that the devise was made subject to the wife's life estate. The question at issue was whether the widow had a life estate in the lots devised to Elizabeth notwithstanding the apparently absolute terms of the devise to the latter in the second clause of the will. The court held that she did, saying that the testator's intent to give his wife a life estate in all his real estate was clear; that while the fact that the testator in the third, fourth and fifth clauses specifically made those devises subject to the life estate and omitted mention of the life estate in the second clause was a circumstance favoring the construction contended for by the appellant (Elizabeth), yet, whatever the reason for the difference in phraseology, whether an accidental omission or not, "we cannot regard it as of such force as to overcome the clearly expressed devise to the wife, and to control what we otherwise regard as the clearly manifest intention of the will." The court held that the second clause devising a fee to Elizabeth must be considered in view of the preceding devise of a life estate to the wife and be held to be a devise to the daughter of the lots subject to the life estate, "thus reconciling the two provisions, in accordance with the manifest intention of the will." Pertinent to the instant case the

court in its discussion of the question in the Rountree case further said:

"Courts will, if possible, adopt such construction as will uphold all the provisions of the will. [1 Redf. on Wills (4 Ed.) 445.] The author of this treatise remarks further: 'There are frequent illustrations of the transposition of different provisions in a will, in order that an apparent repugnancy may be removed, to be found in the American, as well as the English reports. As, where the testator first devises his land in fee to one person, and subsequently devises the same land for life to another, the first shall take an estate in remainder, after the termination of the life estate. And the construction would be the same if the devises were made in the inverse order, since this is the only mode of reconciling the two.' "

Appellants contend that "the general residuary clause must yield to the specific provision of the fifth paragraph." The provision giving a life estate to the wife is not a "general residuary clause." The cases cited in support of the proposition that where there is irreconcilable inconsistency a general provision yields to one that is specific do not apply to the situation presented in this case.

It is also argued that the $1500 charge made in the sixth paragraph of the will upon the land devised to the grandchildren might result in their losing the property because of inability to pay, if the will is construed to make their interest subject to a preceding life estate in the widow, thus resulting in their disinheritance, and that there is a presumption that the testator did not intend to disinherit his grandchildren. He did not disinherit them. He gave them an estate in the land. If he imposed conditions that may prove difficult to meet it is no more than he had the legal right to do and the courts cannot make a different will for him or alter the provisions of the one he made in order to relieve a beneficiary from a condition attached to the gift by the testator which may be difficult to comply with. We hold that under the will in question the defendant, Mary Margaret Fulkerson, has a life estate in the lands devised to the grandchildren in the fifth clause of the will.

As forecast above, there are some other matters requiring brief attention. Within a year after E. Wirt Fulkerson's death defendant Mrs. Fulkerson paid to her daughter, defendant Lee Witten, for and on behalf of the plaintiff grandchildren and as a gift to them, $850 of the $1500 charge made by the sixth clause of the will upon the lands devised to them in the fifth clause, leaving an unpaid balance of $650. For two years after the probate of Mr. Fulkerson's will plaintiff, Charles H. Scott, rented the lands here in question from Mrs. Fulkerson, he as well as she then believing she had a life estate therein, and paid her in all some $600 as rent. In the petition herein he claims that the amounts paid, with certain claimed interest charges, aggregate $650. It is needless to go into details as to the amount.

He then came to the conclusion that Mrs. Fulkerson did not have a life estate in the lands and declined to pay further rent although still occupying the land. In the petition in this case he takes the somewhat novel position that since, as he claims, Mrs. Fulkerson did not have such life estate she had no right to the money he paid her as rent and that in equity it should be charged against her and in favor of her codefendant, Lee Witten, as payment of the balance due the latter on account of the charge in her favor on the land of the grandchildren, thereby satisfying the balance of the $1500 charge against the grandchildren's land; and the petition asks that the court so adjudge,—in effect that by its decree it give to Lee Witten a judgment against her codefendant, Mrs. Fulkerson, in substitution for the balance of the charge in Mrs. Witten's favor against the land and release the land from that charge. Our holding that Mrs. Fulkerson has a life estate in the land and was therefore entitled to rent same to Scott and collect and keep the rent money makes it unnecessary to discuss the questions to which this contention would otherwise give rise.

The circuit court found and adjudged in substance that the widow, defendant Mary Margaret Fulkerson, is the owner of a life estate for and during her natural life, in the lands involved and entitled as such life tenant to possession thereof; that subject to such life estate plaintiffs Mary Margaret Scott and Grace Lucille Scott are the owners of the fee simple estate in the lands, subject, however, to be defeated should both die without either having given birth to issue; that said interest of said plaintiffs is charged with the payment of $650 with interest thereon at six per cent per annum from December 20, 1926, to Lee Witten, the latter having a lien on the real estate for said amount, and that she recover such amount "from the said real estate and the owners thereof to be levied and made out of the said above described real estate;" that other than such lien defendants Lee Witten and Cortez D. Fulkerson have no title or interest in said land "except upon the death of both said Mary Margaret Scott and Grace Lucille Scott without either of them having given birth to issue;" and that plaintiff Charles H. Scott has no right, title or interest in said land.

Defendants have not questioned the correctness of the trial court's decree in adjudging that the infant plaintiffs take, subject to the widow's life estate, a defeasible fee in the lands devised to them, to become absolute upon the birth of issue, rather than a life estate to ripen into an absolute fee upon the birth of issue. That part of the judgment is in line with plaintiffs' claim in their pleading and they of course do not complain of it. Defendants did not appeal. Since the parties have raised no issue on that point we shall not give it consideration. The judgment of the circuit court is affirmed. *Westhues* and *Fitzsimmons, CC.*, concur.

742

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. *Ellison, P. J.,* and *Tipton, J.,* concur; *Leedy, J.,* not sitting.