**SCHUCH, Exrx, Etc v SHELLY, Gdn, Etc et**

Ohio Appeals, 9th Dist, Wayne Co

No 922.   Decided Jan 19, 1934

Critchfield, McSweeney & Critchfield, Wooster, for plaintiff in error, and defendants in error Robert J. Schuch, Gdn., etc., Roberta Schuch and Helen Schuch.

Troutman & Taggart, Wooster, for defendant in error Rachel Shelly, Gdn., etc.

**OPINION**

By STEVENS, J.

1 Page on Wills (2nd ed.), §808, p. 1366, lays down the following general rule with reference to the construction of wills:

"The sole purpose of the court in construing a will is to ascertain the intention of the testator as the same appears from a full and complete consideration of the entire will, when read in the light of the surrounding circumstances."

And Ibid, at p. 1369, quoting from the case of Wentworth v Fernald, 92 Me. 282:

"There is, however, one fundamental rule or consideration which is paramount to all others and which should never be overlooked, and that is that the intention of the testator, as declared by the will itself, shall be allowed to prevail, unless some principle of sound policy is thereby violated."

While we have been unable to find Ohio cases determinative of the question here presented, we have discovered cases in other states dealing with this identical question, some of which are as follows:

"A testator devised as follows: 'I give to my wife a life estate in the land and plantation whereon I live,' etc. After other provisions he proceeds: 'To my son Aaron, I give a horse, etc., my land and plantation that I have before mentioned in this will, with all the farming utensils, etc., with all the implements of husbandry; and it is my will that he take care of his mother and smoothe the pillow of her age.' The will adds: 'It is my desire, if there should be any misunderstanding about any parts of my will, that the persons concerned select two discreet and disinterested persons to decide it, and, if they cannot agree, to choose a third person, whose decision shall be final.'

"**Held,** that the devise of the land to the son in the subsequent part of the will, must be construed as subject to the devise of the life estate to the wife in the first part, and not as revoking or controlling it."

Doe on Demise of Susannah Crissman v Aaron Crissman, 27 N. C. 408.

"1. If two parts of a will are totally irreconcilable, the subsequent part is to be taken as evidence of a subsequent intention and must prevail; but this rule applies only in those cases where the intention of the testator cannot be discovered, and the two provisions are so totally inconsistent that it is impossible for them to coincide with the general intention of the testator.

"2. The great and leading principle in the construction of wills is, that the intention of the testator, if not inconsistent with the rules of law, shall govern, and the intention is to be ascertained from the whole will taken together. The courts, if possible, will adopt such construction as will uphold all the provisions of the will.

"3. Where a testator clearly manifests an intention to give his wife a life estate in all his real estate, that intention will not be defeated by a devise of certain lots in the next clause to a daughter, in fee simple, but the wife will take a life estate in such lots, and the daughter the remainder in fee simple, thus giving effect to each clause of the will. Where the intention of the testator is incorrectly expressed, the court will effectuate it by supplying the proper words.

"4. * * *

"5. A clearly expressed devise of a life

estate, to a wife, of all the testator's lands will not be defeated by subsequent clauses in the will in which two lots are devised to a daughter without reference to the wife's prior estate, and others to other parties, subject to her life estate. The difference in phraseology in the subsequent devises, although a circumstance favoring the construction that the daughter took an estate with a right to immediate possession as to the two lots devised to her, is not sufficient to control what appears to be the manifest intention."

Roundtree v Talbot et, 89 Ill. 246.

"Where a testator, by his last will and testament, gave a life estate in all his lands and tenements to his widow, and then proceeded and parceled out his estate by subsequent clauses to three daughters, making the devises to two of them subject to the life estate of the widow, but in the devise to the third daughter, omitting any mention of his widow; it was held, that the first and last clauses of the will were not necessarily repugnant; and that, consequently, the widow was entitled to a life estate, as well in the property devised to the third daughter, as in that devised to the others."

Chesbro v Schoolcraft, 14 N. Y. Com. Law 633.

The rule laid down in the foregoing syllabi is followed with approval in Adams v Massey, 76 NE 916, and Bacon v Nichols, 105 Pac. 1082.

The members of this court have carefully studied the provisions of the will under consideration, and applying thereto the rules above announced it is our conclusion that the finding and judgment of the trial court was in all respects correct, and that judgment is accordingly affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.