## No. 13,415.

ODESCALCHI *v.* MARTIN ET AL.

(40 P. [2d] 241)

Decided January 7, 1935.

Mr. CASS E. HERRINGTON, Messrs. LEWIS & GRANT, Mr. HORACE N. HAWKINS, Mr. HORACE N. HAWKINS, JR., Mr. CASS M. HERRINGTON, for plaintiff in error.

Mr. ELMER E. WHITTED, Mr. IRA C. ROTHGERBER, Mr. HENRY MCALLISTER, Mr. C. F. CLAY, Mr. W. C. BENTON, Mr. ALBERT G. CRAIG, Mr. CHARLES F. BRANNAN, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

FLORENCE Martin sued Elaine Willcox Odescalchi, individually and as trustee, and others, to secure a construction of a will creating a testamentary trust, and to obtain a decree directing the trustees to pay to her (Miss Martin) during her lifetime certain income from the trust estate. The trial court granted the relief sought, and its judgment is before us for review.

Following the example set by counsel, we shall refer to Florence Martin as Miss Martin and to Elaine Willcox Odescalchi as Elaine.

Mrs. Cicely Cooke Daniels, a Denver resident, executed her last will and testament on October 9, 1918. Thereafter she died. Her will was admitted to probate in 1919. After making certain bequests, Mrs. Daniels, by paragraph 6 of the will, devised and bequeathed the residue to trustees to hold, sell, invest and reinvest the same and to pay over the net income and the principal as provided in six subparagraphs. Subparagraph E, whose construction is sought, is as follows: "E. I direct my said trustees to pay all the remainder of said income to my friend, Florence Martin (daughter of the late Sir James Martin) during her life time, by semi-annual installments; and upon her death to said Charles MacAllister Willcox during his life time, by semi-annual installments; and upon his death by semi-annual installments, to his daughter, Elaine Wilhelmina Willcox, until she shall attain the age of twenty-five years. When said Elaine shall have attained the age of twenty-five years, I direct my said trustees to pay over to her all the principal and accumulated interest, if any, constituting the trust fund, and not required to fulfill the provisions of paragraphs 'A,' 'B,' 'C,' and 'D' hereof, or either of them, to be thereafter held and enjoyed by her as her absolute property, free of all trust."

When the will was executed Elaine was eleven years old. On August 12, 1932, Elaine notified the trustees that she attained the age of twenty-five years in June of that year, and she demanded the payment to her of all prin-

cipal and accumulated interest, constituting the trust fund, not required to fulfill the provisions of subparagraphs "A," "B," "C," and "D" of paragraph 6. On October 19, 1932, Charles MacAllister Willcox died. On November 2 of the same year Miss Martin commenced this suit.

Counsel for Miss Martin contended below, and contend here, that under subparagraph E she is entitled to receive the specified income during her lifetime. Counsel for Elaine contended below, and contend here, that upon Elaine's attaining the age of twenty-five years Miss Martin's interest ceased and Elaine became entitled to the corpus of the trust estate not required to fulfill the provisions of the subparagraphs lettered as above. The trial court adopted the construction contended for by counsel for Miss Martin.

██ With painstaking diligence, counsel for both sides have gathered together and presented to us such arguments and authorities as in their opinion uphold their respective contentions concerning the intent of the testator; such intent, of course, being the controlling consideration in the construction of wills. To those arguments and authorities we have given careful consideration, and, aided by them, we have arrived at a conclusion that seems to us to be both sound and just. We conclude from the language used in subparagraph E that the testator had three persons in mind as the objects of her bounty, and that she provided for them in the order of her preference. She selected first her friend, Miss Martin, and in clear and unmistakable language she expressed her intent that Miss Martin should have the specified income during her lifetime. In language equally clear and unmistakable, the testator provided that after the death of the first object of her bounty, the second object of her bounty, namely Charles MacAllister Willcox (Elaine's father) should receive such income during his lifetime. These two were given life estates, and, as we construe the will, the testator's intent was that after the death of

both of these objects of her bounty, and not before, the third object of her bounty, namely Elaine, should receive the income until she attained the age of twenty-five years, and that then she should receive the corpus of the trust estate with the exceptions noted above. Elaine's right to receive anything under the will depended upon the death of the two life tenants, Miss Martin and Charles MacAllister Willcox. If the two life tenants died before Elaine attained the age of twenty-five years, the testator intended that Elaine should receive, first, the income and later, when she attained the age of twenty-five years, the corpus; but if both life tenants were dead when Elaine attained that age, the testator intended that Elaine should receive the corpus of the trust estate. Elaine now is over twenty-five years of age, and upon the death of Miss Martin, but not before, she shall be entitled to the corpus of the trust estate, with the exceptions noted above.

There is pressed upon us with ability and earnest insistence the contention that the words ''When said Elaine shall have attained the age of twenty-five years, I direct my said trustees to pay over to her all the principal and interest, if any, constituting the trust fund,'' etc., indicate ''a right-about-face'' in the trend of the testator's thought and an intent to limit and lessen the two life estates created in the first part of subparagraph E. We cannot uphold that contention. We do not consider it reasonable to suppose that, after having created in clear, unmistakable language two life estates, the testator, by the words used by her in the next sentence in the very same subparagraph, intended to limit and lessen the life estates that she had just created. On the contrary, it is reasonable to suppose that, when she used the words last quoted, the testator had in mind the fact that she had just created one life estate in favor of her friend, Miss Martin, and another in favor of Elaine's father, and that she intended that Elaine should have what was left after the termination of the two life estates—in other words, a remainder.

The construction we have adopted harmonizes the several provisions of subparagraph E, gives effect to all, and avoids a repugnancy; all in harmony with well-established principles of testamentary construction.

There are many cases involving the construction of wills—a "wilderness of single instances." Rarely are the facts of any two of the cases alike. We shall not attempt to discuss the cases, but we cite several that we found helpful. See *Greenwood v. Greenwood,* 63 Colo. 445, 167 Pac. 1179; *Hunter v. Hunter,* 17 Barb. (N. Y.) 25; *Rountree v. Talbot,* 89 Ill. 246; *Scott v. Fulkerson,* 332 Mo. 734, 60 S. W. (2d) 34.

It is our opinion that the trial court correctly construed the will.

The judgment is affirmed.

Mr. Justice Holland did not participate.