ANDREW P. WITTEL et al.

*v.*

HERMAN WITTEL et al.

[Submitted August 16th, 1913.   Decided August 21st, 1913.]

1. A naked power of sale conferred upon executors is not a legal obstacle to partition of lands.

2. A devise of the residuary estate to the testator's four children, vests in them the fee in lands, as tenants in common, which they may partition.

3. Probable injury to the property, inconvenience or hardship, are no barriers to the right of partition.

4. Personal representatives are not necessary parties to a bill for partition.

On motion to dismiss bill.

*Mr. Samuel E. Ayers,* for the motion.

*Mr. Henry Carless, contra.*

BACKES, V. C.

John Wittel died, leaving a testament admitted to probate February 14th, 1911, by the surrogate of Essex county, wherein, after directing the payment of his debts and eight money legacies, he bequeathed and devised as follows:

"*Tenth.* I give, devise and bequeath all the rest, and residue of my property, real, personal and mixed, whatsoever and wheresoever situate, to my children, Andrew P. Wittel, Herman Wittel, Helena Trunk and Christina Hompesch, share and share alike, to have and to hold unto them, their heirs and assigns forever.

"*Eleventh.* I hereby nominate, constitute and appoint my son, Herman Wittel and my daughter, Helena Trunk as the executor and executrix of this my last will and testament; and I hereby give my said executor and executrix and the survivor of them, full power and authority to sell and convey, rent, lease and mortgage all or any of my real estate and to continue my business of manufacture and sale of artificial stones and build-

ing blocks and general mason materialman, which I have been conducting at Mortimer Place, Irvington, New Jersey, if in their discretion and judgment they deem it beneficial and to the best interest of my estate to do any or all of the above acts referred to, and for that purpose to make, execute and deliver good and sufficient deeds, mortgages, leases or other instruments in writing to carry out the powers and authority above referred to."

He died seized of six tracts of land, which the complainants (two of the devisees) seek to partition. The defendants, the remaining two children, who are also the executors under the will, resist partition and move to strike out the bill on the ground that—*first,* the executors have full power of sale; *second,* the complainants have not a vested estate and are not seized in fee as tenants in common, but have a residuary estate; *third,* material loss and injury to the parties in interest would result if the property were sold as prayed for in said bill; *fourth,* the executors are not made parties to the suit. The motion cannot prevail.

*First.* A naked power of sale is not an obstacle to a partition of lands. *Cahill* v. *Cahill, 62 N. J. Eq. (17 Dick.) 157.*

*Second.* By the operation of the tenth paragraph of the will, the fee in the lands is vested in the testator's four children, the parties to this action, as tenants in common. Its language permits of no other interpretation. The defendants' counsel assumes that by the power of sale the testator intended his lands to be converted into money and as such to be divided. This is not a permissible view. "If it is optional with the executor, whether to sell or not to sell, or if it is only an authority to sell, without any direction, then the land retains its character as land, until it is actually sold." *Cook* v. *Cook, 20 N. J. Eq. (5 C. E. Gr.) 375.*

*Third.* Probable injury to the property, inconvenience, or hardship, are not barriers to the right of partition. *Bentley* v. *Long Dock Co., 14 N. J. Eq. (1 McCart.) 480.*

*Fourth.* Personal representatives are not necessary parties to a bill for partition. *Speer* v. *Speer, 14 N. J. Eq. (1 McCart.) 240.* It does not appear that the personal estate is insufficient to pay the debts and legacies, and that recourse must be had to

the realty for their satisfaction. No steps have been taken by the executors to avail themselves of the real estate, for that purpose, for over two and one-half years, and it may be presumed that recourse to it is not necessary. If creditors or legatees complain, their rights in the event of a sale will be protected and may be adjusted in this suit. *Adams* v. *Beideman, 33 N. J. Eq. (6 Stew.) 77.*

It is charged, parenthetically, that the executors have failed to account for the personal estate, and that some of it has been invested in real estate, the title of which was taken in the name of one of the executors, and one of the prayers of the bill is, that the executors account. This is inappropriate in this suit. The allegation and prayer may be disregarded. Multifariousness is not assigned as a ground of this motion. Relief, as against the executors, must be had by separate action. *Field* v. *Field, 61 N. J. Eq. (16 Dick.) 154.*

The motion is denied, with costs.