### DORRANCE v. DORRANCE.

(Circuit Court of Appeals, Third Circuit. February 23, 1917.)

No. 2106.

On petition for rehearing. Petition denied. Former opinion upheld. For former opinion, see 238 Fed. 524, —— C. C. A. ——. See, also, 227 Fed. 679.

PER CURIAM. We have considered with care the motion for a rehearing, but discover nothing that has not already been presented and considered. What has been said either in the District Court or here seems to answer the chief contention of the appellant, namely:

"That the word *children* in line 8, and the word *child* in line 10, in what we have designated as the crucial clause, * * * were manifestly used in a sense which includes *issue*."

The clause is quoted above, but we quote it again, italicizing these two words:

"And in case of the death of my said son without leaving him surviving any child or children or the issue of any deceased child, then in trust for my other children share and share alike and the issue of any deceased child (such issue taking always by representation); the said net rents, profits and income to be paid to my said *children* for and during their respective natural lives, and upon the death of any such *child* his or her share of the same shall be paid to his or her child or children then living and the issue of any deceased child then living (such issue taking always by representation) until the arrival at majority of such child, or if more than one of the youngest of such children, and upon such arrival, then in trust to convey the share of its or their parent to such child or children absolutely."

The opinion heretofore delivered (238 Fed. 524, —— C. C. A. ——) necessarily implies, although it may not specifically express the thought, that these words should be understood in their natural and usual meaning; this meaning is consistent with the general scheme of the will, and indeed is sufficiently indicated thereby. The appellant's argument was not overlooked, but we considered it desirable to lay the principal stress on the will as a whole, and not on the particular words to which the appellant seemed to be giving too much attention. We understand it to be conceded that, if the ordinary meaning of these words is to prevail, the foundation of the present appeal is destroyed.

We adhere to the conclusion already announced.