**In the Matter of the**
**ESTATE OF ELEANOR CARBERRY VOSE, Deceased**

Probate No. 4 - 1954

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

District Court Commissioner

July 31, 1957

GEORGE A. MENA, *District Court Commissioner*

On the 16th day of June, 1947, Eleanor Carberry Vose, a resident of St. John, Virgin Islands, referred to as the "settlor", created an irrevocable trust in favor of the Chemical Bank and Trust Company of New York, referred to as the "trustee", and, after assigning and transferring to the trustee certain described property, provided, among other things, as follows:

"To pay the net income therefrom to the Settlor during her lifetime and on her death the trust to cease, and to pay over the remainder to such person or persons as the Settlor shall direct, limit and appoint by her Last Will and Testament." (Article First, Section I, of Trust).

On the same date, June 16, 1947, she executed her Last Will and Testament nominating and appointing her husband, Charles Redfield Vose, Executor of her will and provided as follows:

"I hereby exercise the power of appointment reserved to me under a deed of trust I have executed to the Chemical Bank and Trust Company of 165 Broadway, New York, dated June 16, 1947, and I direct that the remainder of said trust and the property subject to such power of appointment shall be disposed of, and I give, devise and bequeath the same to Charles Redfield Vose, my husband of Litchfield, Connecticut." (Paragraph Fourth of Will.)

On January 31, 1954, the said Eleanor Carberry Vose died at Charlotte Amalie, Virgin Islands; the aforesaid will was admitted to probate on April 1, 1954; and Letters Testamentary were issued to Charles Redfield Vose, husband of the deceased. An inventory and appraisement have been filed in the estate showing real and personal property in the total amount of $168,571.38.

The attorneys for the estate, Messrs. Maas & Bailey, raised the following question: "Is the property (securities), the subject of the irrevocable trust, part of decedent's estate?" They answered the question in the negative, with which the Commissioner disagrees.

■■ "Under common probate practice, the first duty of an executor or an administrator after obtaining his credentials is to prepare and file an inventory of the assets of the estate, and an appraisal of the value of such assets. The object of an inventory and appraisal is to fix presumptively, although not conclusively, the amount and value of items of property constituting the estate, and their respective totals, as to real and personal property, and to furnish a reasonable basis on which the accounting and liability of the executor or administrator shall proceed." 33 C.J.S. Executors and Administrators § 129.

■ "The inventory should include property which decedent's will treats as part of his estate." 33 C.J.S. Executors and Administrators § 133.

The Commissioner is of the opinion that the question raised should be propounded as follows:

Is the inheritable balance or remainer of the property passing to the husband, by virtue of the will, taxable under the Inheritance Tax Law of September 29, 1876, as amended July 16, 1952 (33 V.I.C. § 1)?

■■ It is evident from a reading of the language creating the trust that the trust *ceased on the death of the settlor Eleanor Carberry Vose*, the decedent, and that the remainder passed to the husband under the will. It should also be noted in the will that the decedent did "give, devise and bequeath" the remainder to her husband. (Paragraph Fourth of Will.) This language clearly connotes an inheritance, or an inheritable estate, from her to her husband.

■ "In general, the rights and obligations of all parties in regard to the payment of an inheritance tax are to be determined as of the date of the death of the decedent. Under the statutes of descent and of wills, an estate vests in the party

entitled to receive it upon the death of the decedent, and so, the inheritance tax, being a tax on succession, accrues at the time it is vested, even though the extent of the inheritance cannot be known until the estate has been administered. The right to the tax vests in the state on the death of the prior owner . . ." 28 Am. Jur. 112.

■ Also,

"Where any estate, real or personal, is given by deed or will to any person for his life, and after his death to his heirs . . . the conveyance shall be construed to vest an estate for his life only in such person, and the remainder in fee simple in his heirs . . ." Title II, chapter 10, sec. 29, page 23, St. Thomas (1921) Code (28 V.I.C. § 6(b).

■ The trust was in contemplation of a transfer of property inter vivos while the will provided for a transfer causa mortis. Upon the death of the settlor the will became effective, and, the remainder was clearly an "inheritance falling from wife to husband . . ." (Ordinance September 29, 1876), therefore, taxable under the ordinance.

■ The ordinance in question provides for "duties on inheritance" and this language has been construed by the Probate Court from the Danish regime to the present time to comprehend property inherited by will. "The property which is inherited is called an inheritance." 1 Bouvier, page 1568.

■ "The word 'inheritance' is no doubt properly confined to lands and tenements which pass by descent or by operation of law, but in popular use this distinction is often disregarded, and this is especially true in succession or inheritance tax laws. The terms 'inherit', 'inheritance', and 'inheritance tax law' have thus been defined by lexicographers:

" 'Inherit' in law is used in contradistinction to acquiring by will, but, in popular use, this distinction is often disregarded; to receive by transmission in any way; have imparted to or conferred upon; acquire from any source. 'Inheritance' is a possession received by gift or without purchase; a permanent possession; possession, ownership acquisition. 'Inheritance tax law', in contracts

446

and wills the term inherit is often construed to mean to take, to have, to receive or to become possessed of." 21 Words and Phrases, page 372.

"Taxes (referring to inheritance taxes) of this general character are universally deemed to relate, not to property eo nomine, but to its passage by will or by descent in cases of intestacy, as distinguished from taxes imposed on property real or personal, as such because of its ownership and possession. In other words, the public contribution which death duties exact is predicated on passing of property as the result of death, as distinct from a tax on property disassociated from its transmission or receipt by will, or as the result of intestacy . . . Tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being, and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested." Knowlton v. Moore, 20 S. Ct. 747, 178 U.S. 41, 47, 56, 44 L. Ed. 969. 21 Words and Phrases, page 374.

The attorneys for the estate further argue "that a trustor is without interest in trust property after he has settled it." Generally that is true, but the trustor herein retained a life interest in the trust property and did also execute a will at the same time she created the trust. The trust was to cease when the will took effect. Hence, this is a different situation.

█ Also, they argue that "even though one donor has reserved the right to enjoy the income from an irrevocable trust, it is nevertheless a completed transfer . . .". It is evident that the transfer was subject to the will and conditioned on the death of the decedent. Answering that question, and the other arguments in the Memorandum of Law, it is clear to the Commissioner that the question is not whether the trust is "valid" but whether the inheritable interest passing to the husband-devisee was taxable under the ordinance. The Commissioner is of the opinion that the remainder passing to the husband-

447

devisee, Charles Redfield Vose, is taxable under the ordi-nance as amended, and so finds.