**DAPHNE BIRCH BOUGH, et al.,**
Plaintiffs
v.
**CECELIA BIRCH KING, et al.,**
Defendants

Civil No. 38 - 1956

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 24, 1958

*See, also, 167 F. Supp. 191*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *pro se*

DANIEL W. AMBROSE, ESQ., Charlotte Amalie, Virgin Islands, *for Claritha Birch, Rita Birch Wallace, Lillian Birch Aubrey, Luther Aubrey and Carl Aubrey*

WILLIAM H. D. COX, ESQ., Charlotte Amalie, Virgin Islands, *for Josephine Birch Bell*

MARIS, *Circuit Judge*

In this action for partition the court referred to the district court commissioner the matter of determining the persons entitled to the property in suit known as Coki Point, being parcel 4A of Estate Frydendal, East End Quarter, St. Thomas, together with the amounts of their respective interests. The commissioner having filed his report and findings, exceptions thereto were filed by James A. Bough, Esq., Claritha Birch, Rita Birch Wallace, Lillian Birch Aubrey, Luther Aubrey and Carl Aubrey, claiming through deceased children of Cornelius Burke, and the exceptions have been argued to the court.

The sole question raised by the exceptions relates to the proper construction of the will of Cornelius Burke which was admitted to probate in this court on January 7, 1948. Cornelius Burke at the time of his death admittedly was vested with an undivided one-sixth interest in fee simple in the Coki Point property. He was survived by one son, Oscar Cornelius, and four daughters, Virginia, Cecelia, Letitia and Josephine, of whom only Cecelia Birch King and Josephine Birch Bell are now living. The precise question presented to me for decision is whether under the terms of Cornelius Burke's will each of his five children took an undivided one-fifth interest in fee simple in his one-sixth share in the property in suit or

whether, as the commissioner concluded, the children each took a life estate in one-fifth of their father's one-sixth share with a contingent remainder in the whole of such one-sixth share in fee simple to the last survivor of the five children. This question I must answer in accordance with the testator's intent as disclosed in his will. I must ascertain his intention, as best I can, from the meaning of the words used by him, in their usual and ordinary sense, as gathered from a consideration of the whole document.[1]

Cornelius Burke's will disposed of his property as follows:

"I devise and bequeath unto my children, Virginia Burke, Oscar Cornelius Burke and Cecelia Burke, all now residing on Cocki Point, and my child Letitia Burke, now at Tatch Cay, and my child Josephine Burke, now residing in the Roberts property, in the town of Saint Thomas, my landed property Cocki Point, island of Saint Thomas, share and share alike, but it is provided that should either of said children sell his or her share, it shall and must be sold to the other children so long as there is more than one child alive, but when all of my children aforesaid have died, leaving only one of the aforesaid children surviving, then the said surviving child shall take the property Cocki Point as absolute owner and shall be authorized to dispose of same either by sale, will or gift.

"The rest, residue and remainder of my property of every kind and description of which I may die seized and possessed, I give, devise and bequeath to my said children, Virginia Burke, Oscar Cornelius Burke, Cecelia Burke, Letitia Burke and Josephine Burke, share and share alike, to be their property absolutely and forever."

The exceptants urge that the commissioner erred in holding that the will does not provide for the right of succession upon the death of any but the last survivor

[1]Smith v. Bell, 1832, 31 U.S. 68, 8 L. Ed. 322; Phelps v. Harris, 1879, 101 U.S. 370, 381, 25 L. Ed. 855; Love v. Walker, 1911, 59 Or. 95, 115 Pac. 296; Dorrance v. Dorrance, 3 Cir. 1916, 238 Fed. 524; Bilyeu v. Crouch, 1920, 96 Or. 66, 189 Pac. 222; Frazer's Estate v. Commissioner of Internal Revenue, 3 Cir. 1947, 162 F.2d 167; 57 Am. Jur. Wills § 1133; 95 C.J.S. Wills § 591; Restatement, Property, § 241; 2 Page on Wills § 922.

of the testator's named children. Their reliance is upon the portion of the will which reads:

"I devise and bequeath unto my children . . . my landed property Cocki Point, island of Saint Thomas, share and share alike, but it is provided that should either of said children sell his or her share, it shall and must be sold to the other children so long as there is more than one child alive . . . ."

They argue that this was a device in fee simple to the five children as tenants in common subject to a condition restraining alienation, which must fall because it is void in law, and that consequently the exceptants became vested with the testator's deceased children's shares free of the restraining condition.

█ It will be observed that in the portion just quoted the will does not state the character or duration of the estate given to each child. Nevertheless, this language would undoubtedly vest a fee simple estate in the testator's named children unless modified by another provision indicating an intention to devise a lesser estate. For it was the law of the Virgin Islands at the time of the testator's death, as it is at the present time, that a devise of real property is to be construed as passing the whole of the testator's interest subject to his disposal unless is clearly appears from his will that he meant to dispose of a lesser interest.[2] Therefore, if the will can be construed as devising an absolute estate to the children, such a devise cannot be cut down except by other language in the will having that effect expressly or by necessary implication and in words which are equally as clear and conclusive as those granting the fee.[3]

The presently surviving children of the testator urge

[2] Title II, chapter 10, section 25, of the former Code of St. Thomas and St. John (1921); 15 V.I.C. § 6.

[3] Imbrie v. Hartrampf, 1921, 100 Or. 589, 198 Pac. 521; American Baptist Home Mission Soc. v. Bowman, 6 Cir. 1924, 297 Fed. 438; Tallman v. Ladd, 4 Cir. 1925, 5 F.2d 582, 584; Scott v. Fulkerson, 1933, 332 Mo. 734, 60 S.W.2d 34; Wallace v. R. E. Stone Co., 3 Cir. 1935, 76 F.2d 269; Ferguson v. Patterson, 10 Cir. 1951, 191 F.2d 584; Brownell v. Raubenheimer, D.C.-N.Y. 1953, 112 F. Supp. 154, affirmed 2 Cir. 1954, 216 F.2d 751.

on the other hand that the language of the will following the part upon which the exceptants rely evidences the testator's intention to devise a lesser estate than a fee simple to his five children. The language of the will upon which they rely is as follows:

"but when all of my children aforesaid have died, leaving only one of the aforesaid children surviving, then the said surviving child shall take the property Cocki Point as absolute owner and shall be authorized to dispose of same either by sale, will or gift."

It is their position that this clause negatives beyond all doubt the claim that the testator intended to convey a fee-simple title to each child, and that, on the contrary, it clearly shows his intent to be that his last surviving child, and she only, should take in fee simple his full interest in the property, with the necessary implication that all the named children were to take only life estates at his death. Any other construction, they argue, would do violence to his clearly expressed intention that the last surviving child "take the property Cocki Point as absolute owner". In support of this proposition, they point out that in the next paragraph of the will the testator disposed of the residue of his estate to the same named children "share and share alike, to be their property absolutely and forever". They urge that the different treatment of his Coki Point property shows that his dominant purpose was that his children should take only life estates in that property, the survivor of them taking his entire interest in the property in fee simple.

■-■ It is settled that a life estate, like any other, may be given where the entire will shows such intention, although it is not set forth in express language in any clause thereof.[4] And a tenancy in common may have the right of survivorship attached to it if the testator ex-

[4]Reed v. Creamer, 1919, 118 Me. 317, 108 Atl. 82; Wetzel v. Hecht, 1920, 281 Mo. 610, 220 S.W. 888; Palmer v. Jones, 1921, 299 Ill. 263, 132 N.E. 567; Colburn v. Burlingame, 1923, 190 Cal. 697, 214 Pac. 226; In re Vail's Estate, 1937, 223 Iowa 551, 273 N.W. 107; Hall v. Killingsworth, C.A.D.C. 1958, 253 F.2d 43.

presses such an intention.[5] Since the intention of the testator is paramount, if two constructions of a clause of his will are possible, one of which is in harmony with the provisions of the rest of the will and the other of which is at variance therewith, it must be concluded that the correct construction is the one which will reconcile this clause with the rest of the will.[6] The application of these canons of testamentary construction compels me to conclude in this case that the testator's intention was to devise life estates to each of his five children with a contingent remainder in fee simple to his last surviving child.

██ ██ It is argued that the devise of the Coki Point property to each child "share and share alike" requires me to hold that the testator intended to convey to each child more than a life estate. I cannot agree. In the absence of express language to the contrary, a devise to two or more persons is construed to create a tenancy in common.[7] The term "share and share alike" unless used so as to show that another meaning is to be attributed to it merely creates an estate in common.[8] These are not disposing words but, generally, are intended merely to show that the beneficiaries participate equally in property.[9]

██ ██ It is further argued that the fact that the testator provided "that should either of said children sell his or her share, it shall and must be sold to the other

[5] See Mitchell v. Frederick, 1934, 166 Md. 42, 170 Atl. 733, 736; annotation 1 A.L.R.2d 249–259.

[6] Orr v. Helms, 1928, 217 Ala. 603, 117 So. 61; Browning v. Browning, 1939, 126 N.J.Eq. 55, 7 Atl.2d 816; 2 Page on Wills § 932.

[7] Title II, chapter 15, section 9, of the former Code of St. Thomas and St. John (1921); 28 V.I.C. § 7(b).

[8] Goldstein v. Hammell, 1912, 236 Pa. 305, 84 Atl. 772; Wittel v. Wittel, 1913, 82 N.J.Eq. 229, 91 Atl. 722; Succession of Schonekas, 1924, 155 La. 401, 99 So. 345; Gardner v. Gardner, 1929, 152 Va. 677, 148 S.E. 781; Strickler v. Means, 1930, 325 Mo. 1028, 30 S.W.2d 97; Jenifer v. Trustees of Rieman's Estate, 1931, 160 Md. 368, 153 Atl. 68; In re Brown's Estate, 1949, 324 Mich. 264, 36 N.W.2d 912; Cross v. Cross, 1949, 324 Mass. 186, 85 N.E.2d 325. See, also, 3 Page on Wills § 1144; 57 Am. Jur. Wills § 1265; 96 C.J.S. Wills § 906(b)(2); 2 Tiffany on Real Property, 3d ed., § 427.

[9] Cahill v. Michael, 1942, 381 Ill. 395, 45 N.E.2d 657; Jackson v. Sanford, 1945, 208 Ark. 888, 187 S.W.2d 945.

children so long as there is more than one child alive" shows his intention to devise interests in the Coki Point property to each of his children in fee simple. This argument likewise I cannot accept. Generally, if a testator devises an estate which is clearly a life estate and adds to his devise a limited power of disposition and alienation, such a power of disposition does not enlarge the life estate into a fee simple unless there are words clearly indicating that a larger power is intended.[10] Here the power which the testator's children are given is to sell their respective shares. This is no more power than that which a life tenant generally possesses.[11] Therefore, the grant of this power, without more, did not enlarge the children's life estates into fee simple estates. The exceptants make the further argument that the condition restricting the sale of each child's share to the surviving children only is a restraint upon alienation, which is void, and therefore the estate granted must be taken to be in fee simple. Non sequitur. For even if the restraint on alienation to any one but a surviving child should be held to be invalid and the devisees free to convey to anyone, they would still have only a life estate to convey.

■ I conclude that the will of Cornelius Burke, properly construed, devised to each of his five children a life estate in his undivided one-sixth interest in the Coki Point property in common with the other surviving children, with a contingent remainder in fee simple to the last surviving child.[12] It follows that the exceptants, all of whom

[10]Brandt v. Virginia Coal & Iron Co., 1876, 93 U.S. 326, 334, 23 L. Ed. 927; Winchester v. Hoover, 1902, 42 Or. 310, 70 Pac. 1035; Gildersleeve v. Lee, 1921, 100 Or. 578, 198 Pac. 246; Chestnut v. Chestnut, 1930, 300 Pa. 146, 151 Atl. 339, 75 A.L.R. 66; Culbreth v. Caison, 1942, 220 N.C. 717, 18 S.E.2d 136.

[11]Title II, chapter 15, section 5, of former Code of St. Thomas and St. John (1921); 28 V.I.C. § 4.

[12]See Jones v. Cable, 1887, 114 Pa. 586, 7 Atl. 791; Redemptorist Fathers v. Lawler, 1903, 205 Pa. 24, 54 Atl. 487; Love v. Lindstedt, 1915, 76 Or. 66, 147 Atl. 935; Frasier v. Scranton Gas & Water Co., 1915, 249 Pa. 570, 95 Atl. 256. See, also, 1 Law of Future Interests, Simes and Smith, 2d ed. §§ 152, 153; 1 American Law of Property § 4.36; Tiffany on Real Property, 3d ed., § 421.

claim through deceased children of Cornelius Burke, have no interest in the Coki Point property derived from that source, and that Cornelius Burke's undivided one-sixth interest in the property is now vested in his two presently surviving children, Cecelia Birch King and Josephine Birch Bell, as life tenants in common, with remainder in fee simple to the survivor of them.

The commissioner, finding that the one-sixth interest of Cornelius Burke is presently owned by Cecelia Birch King and Josephine Birch Bell, awarded a one-twelfth interest in the property to each of them. This was not quite right. For, as we have seen, he should have found that Cecelia Birch King and Josephine Birch Bell are each entitled to a one-twelfth interest in the property for life only with a remainder in fee to a one-sixth interest in the property to the survivor of them. The report and findings of the commissioner will be so modified, and, as modified, will be confirmed.