**IN RE: MEDIA VENTURES (VI) INC., d/b/a VIRGIN ISLANDS BUSINESS JOURNAL, Petitioner**

Civil No. 46/1994

Territorial Court of the Virgin Islands
Division of St. Thomas and St. John

July 25, 1994

TOM BOLT, ESQ., (TOM BOLT & ASSOCIATES, P.C.), Royal Dane Mall, St. Thomas, V.I., *for Petitioner*

HODGE, *Presiding Judge*

## MEMORANDUM AND ORDER

The question presented is whether a newspaper has to obtain permission from the Court in order to be considered a "Newspaper of General Circulation" in the Virgin Islands. For the reasons cited herein, the Court answers the question in the negative.

Petitioner Media Ventures, Inc., publisher of the V.I. Business Journal, has petitioned this Court to issue an order permitting it to publish legal Notices and Summons within the Virgin Islands in civil actions and probate matters. Petitioner contends that the V.I. Business Journal is a weekly newspaper of general circulation in the Virgin Islands which is distributed throughout the Virgin Islands at over one hundred locations and is read by over 2,000 readers each week. Petitioner further contends that the V.I. Business Journal caters to the entire Virgin Islands community and that each edition contains calendars of public events and articles on social and economic issues affecting the Virgin Islands. Petitioner asserts that presently two daily newspapers, The Daily News and The St. Croix Avis are the only ones that publish legal Notices and Summons within the Virgin Islands, and that the publication rates of The Daily News are higher than those of the V.I. Business Journal. Petitioner also asserts that should it be permitted to publish legal Notices and Summons within the Virgin Islands, the community would greatly benefit financially.

Two legal provisions have been cited by Petitioner as the basis for granting its Petition, i.e. Title 5 V.I.C. Section 112(a) & (c) and Title 5 V.I.C. Section 391.

Title 5 V.I.C. Sections 112(a) and (c) provide that:

"When service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, . . .the court shall grant an order that the service be made by publication. . . The order shall direct that the publication be made in a newspaper of general circulation. . .not less than once a week for four weeks."

Title 5 V.I.C. Section 391 provides that:

"Every executor or administrator shall immediately after his appointment, publish a notice thereof in some newspaper published in this territory, as may be designated by the Court, as often as once a week for four successive weeks, and oftener if the court so directs."

44

██ Neither Title 5 V.I.C. Section 112 nor Title 5 V.I.C. Section 391 compels this Court to designate a particular newspaper for publication of Notices or Summons. Under Title 5 V.I.C. Section 112 the Court is only required to order that publication of Summons be made in a newspaper of general circulation, and under Title 5 V.I.C. Section 391 the court, although permitted, is not required to specify any particular newspaper for publication of Notices. Indeed, it is the practice of this Court not to designate any particular newspaper in the order; rather, the orders merely require that publication be made in any "newspaper of general circulation" in the Territory. This allows the parties to decide which newspaper of general circulation they will utilize for publication, based on advertising rates, speed of service, proof of service, and other related factors beyond the control of the Court.

██ Moreover, Petitioner has not asserted that it has been prohibited from publishing such Notices and Summons in the V.I. Business Journal; nor has it alleged that its Notices or Summons have been challenged as inadequate or in violation of the legal requirement for publication in a "newspaper of general circulation." The Court therefore finds that no actual controversy exists which needs to be addressed, and that Petitioner is in effect asking this court for an advisory opinion. This request must therefore be denied.

██ Although this Court has general jurisdiction over such matters, the exercise of that jurisdiction is limited to justiciable cases and controversies, which is distinguished from an opinion or a hypothetical question. See generally, Armstrong World Industries v. Adams, 961 F.2d 405, 412 (3rd Cir 1992). As a private business in our system of government, Petitioner is free to advertise its status as a weekly newspaper; to claim that it is a newspaper of general circulation; to advertise its publication rates; and to seek the business of all who may need publication services.[1] Such a system of competition would either settle the issue or lead to a challenge to Petitioner's contention. If such a challenge is made in court, then and only then would this matter be ripe for adjudication by this Court. See Armstrong World Industries vs. Adams, Id. at 410–412.; Presbytery of New Jersey vs. Florio, 830 F.Supp. 241, 247–248

---

[1] When in doubt, Petitioner should seek the advice of its own attorney; this Court cannot and should not be used as Petitioner's counsel, nor as counsel to its attorney.

(D.N.J. 1993); and Warner Cable Com. vs. Borough of Schuylkill Haven, 784 F. Supp. 203, 206 (E.D.Pa. 1992).

We do not live in a governmental system in which a Court has to grant permission to a newspaper to publish legal Notices or Summons. Indeed, if this Court had the authority to grant permission, it would have the concommitant authority to deny permission. A fortiori, the authority to grant or deny permission to one newspaper would apply to all newspapers. After analysis of applicable law, this Court is satisfied that it does not have that authority. Otherwise, such a scenario would promptly trigger First Amendment free press claims by the affected newspapers. Since it was not necessary for this Court to grant permission to The Daily News or The St. Croix Avis to publish Notices and Summons, we see no reason nor authority for us to grant such permission to the Petitioner.

■ Furthermore, there is no showing by Petitioner that the granting of the Petition would be a binding resolution of the petitioner's concerns. Anyone who believes that the V.I. Business Journal is not a "newspaper of general circulation" is free to object to any publicized Notices or Summons, despite any unilateral, nonbinding order which we may issue here. Thus, Petitioner's concerns would still exist. Indeed, Petitioner has failed to demonstrate at this time that a substantial controversy exists between adverse parties which this court should resolve. Presently, any injury or threat of injury to Petitioner is clearly conjectural or hypothetical, not real or immediate.

It appears that a similar petition was filed in the District Court; thus petitioner also relies on the District Court Order of June 8, 1994 (Civil No. 1994-64) which purported to grant it permission to publish such legal Notices and Summons. However, the order contains no explanation nor rationale for the decision. It simply reflects a pro-forma Order which was submitted by Petitioner. This Court does not consider such an Order to be binding or persuasive in rendering this decision. Indeed, a similar pro-forma Order was submitted for our signature. For the reasons cited herein, we reject it.

Accordingly, the Court being satisfied in the premises, it is hereby,

## ORDER

ORDERED, that the Petition for Permission to Publish legal Notices and Summons is DISMISSED.