# IN THE MATTER OF THE ESTATE OF GLORIA PARALITICCI, Deceased

Probate No. 29/1999

Territorial Court Of The Virgin Islands

Division of St. Croix

April 4, 2000

GEORGE H. LOGAN, ESQ., RHONDA HOSPEDALES, ESQ., *Nichols, Newman, Logan, & D'eramo P.C.,* Christiansted, St. Croix, U.S. Virgin Islands, *for the Estate*

JEFFREY B. C. MOORHEAD, ESQ., Christiansted, St. Croix, U.S. Virgin Islands, *for Beneficiaries*

STEELE, *Judge*

## MEMORANDUM OPINION

THIS MATTER came before the Court on a Petition for Advice filed by the Estate of Gloria Paraliticci. Although this court has jurisdiction over probate matters, the exercise of this jurisdiction is limited to justiciable cases. Hence, the court may not render advisory opinions. *See In re Media Ventures,* 30 V.I. 43 (Terr. Ct. 1994). Upon examination, however, the court finds that the issues presented in the estate's Petition for Advice are appropriate for disposition under V.I. Code Ann. Tit. 5 § 1264 (1997), which states

that any person with an interest in an estate may ask the court to make a declaration of rights or legal relations with respect to that estate. In particular, the estate may ask to have the court make a declaration "(c) to determine any question arising in the administration of the estate."

## II. Factual Background

Gloria Paraliticci died on January 26, 1999. Her will was admitted to probate in this court on March 23, 1999. At the time of her death, she owned three condominiums. Her will specifically gives each of these three condominiums to several named individuals. The will gives one of the condominiums to her granddaughter, one to two of her grandsons, and the third to another two of her grandsons. All three condominiums are subject to mortgages. In addition, the condominiums are subject to other on-going expenses, including maintenance fees, property taxes, and assessments.

In the instant petition, the estate presents two questions:

(1) whether the heirs to the condominiums should he entitled to receive them free of any mortgages, pursuant to clause NINTH of the decedent's will;

(2) whether the heirs to the condominiums, rather than the estate, are responsible for the maintenance fees, taxes, and other on-going expenses on the properties.

## III. Discussion

A. The Mortgages on the Condominiums
The first question that the estate asks is whether it must pay off the mortgages on the condominiums, thereby providing Gloria Paraliticci's heirs with debt-free property. The estate bases its question on specific language contained within the will. The relevant portions of the decedent's will are as follows:

FIRST: I direct that all my debts and funeral expenses be first paid out of my estate.

NINTH: I further direct my Executor to pay all the expenses of this probate and all inheritance tax and all other taxes that might be

required by law out of the proceeds of my residuary estate, and I direct that the bequests to each individual herein named shall be net to them. (emphasis added)

Stated another way, clause NINTH directs that each recipient of a bequest under the will is to receive his gift free of any debts or charges. The problem rises out of the testator's use of the word "bequest." At common law, the term "bequest" applied to personal property while the term "devise" applied to real property. Therefore, since Ms. Paraliticci ("the testator") used the specific term "bequest" in clause NINTH, it could be construed that she meant to exclude real property from this directive. In its petition, the estate requests that the court rule on the issue of who is responsible for paying off the mortgages attached to the three condominiums. Based on the reasons stated below, this court believes that the estate should be responsible for these mortgages.

There is no statute in the Virgins Islands Code that defines the word "bequeath," nor are there any cases in the Virgin Islands Reports that define this term. Where no local precedents relate specifically to a Virgin Islands dispute, the courts are directed to turn to the various Restatements of Law approved by the American Law Institute. V.I. Code Ann. tit. 1 § 4. *Co-build Companies, Inc. v. Virgin Islands Refinery Corp.*, 570 F.2d 492, 15 V.I. 528, 533 (3d Cir. 1978).

Unfortunately, the Restatement does not give a current definition for bequest either. In fact, it supports the elimination of "bequest" from modern usage entirely, in favor of the term "devise". According to the Restatement:

In older usage, the terms "devise" and "devisee" were reserved for dispositions of land by will. A disposition of personal property was a "legacy" or "bequest" and the recipient was a·"legatee." Today these words are commonly used interchangeably . . . This Restatement adheres to the newer usage and refers to testamentary dispositions of land or personal property as devises and the recipients as devisees.

RESTATEMENT (THIRD) OF PROPERTY, WILLS AND OTHER DONATIVE TRANSFERS § 3.1 cmt. d (1999).

Although it does not give a definition for the term "bequest," the Restatement acknowledges that the term is often used interchange-

73

ably with "devise". Most lay people and even many lawyers are unaware of the common law distinction between the two words. There are many instances of wills in which a testator has made a "devise" of money or a bequest of land to her heirs and at least one Judge in this Territory has chosen to use the word bequeath to describe a gift of land by will. *see In re Taylor*, 1973 U.S. Dist. LEXIS 5187, 9 V.I. 413, 416-417 (D. V.I. 1973).

The Virgin Islands Code is more precise in its use of the terms "bequest" and "devise," but it also leaves room for questions. These terms appear frequently in Title 15 of the Virgin Islands Code. In most sections, "bequest" and "devise" are used in contexts which agree with their common law definitions. see V.I. Code Ann. tit. 15 § 3 (1996) ("every estate of real property . . . may be devised . . ."). §§ 7 ("every person of the age of eighteen or upwards . . . may give and bequeath his personal estate, by will in writing."). However, in other sections, the term "legatee," which at common law denoted the recipient of a bequest, is used to refer to all those who inherit under a will, no matter which type of property they are to receive. see §§ 198 ("If decedent has left a last will and testament, the legatee or legatees under he will . . ."). Cf. §§ 451 (". . . any heir, devisee, or legatee may apply to the court . . .").

Since the code does not give a definition of "bequeath," and because it is not always consistent in the use of related common law terms, the court looks to Black's Law Dictionary for guidance. The definition of "bequeath" given by Blacks Law Dictionary is as follows:

> Bequeath: to give personal property by will to another. It therefore is distinguishable from "devise" which is properly used of realty. But if the context clearly shows the intention of the testator to use the word "bequeath" as synonymous with "devise," it may he held to pass real property.

Black's Law Dictionary 6th ed. (1990) at 160. The definition suggests that a testator's intention is relevant to the decision of what the word bequeath should mean, at least within the confines of a particular will. This notion is in harmony with the cardinal

rule of will construction, which states that a court's duty when construing a will is to ascertain the intention of the testator and to give it effect. 80 Am Jur 2d Wills § 1140; *Walton v. Melton*, 184 Va. 111, 34 S.E.2d 129 (1945). It also gives this court an excellent way to address the problem at hand.

Basically, the question that the estate has asked is a question of interpretation. It wishes to know which type of property Ms. Paraliticci was contemplating when she referred to "bequests" in clause NINTH. A testator's intention must be ascertained from the meaning of the words used by him, in their usual and ordinary sense, as gathered from a consideration of the whole document. *Bough v. King 167 F. Supp. 191, 3 V.I. 391 (D.V.I. 1958)*. In her will, the testator makes three specific gifts, each contained in a separate clause. She begins each clause with the words "I devise and bequeath." The first of these gifts contains both real and personal property. The other two gifts are of real property only. In clause FIFTH, which is a residuary clause, the testator gives any remaining property to her children with the words "I give, devise, and bequeath." In fact, the only times that the words "bequeath" or "bequest" stand alone are in the problematic clause NINTH and in clause SIXTH which reads as follows:

SIXTH: Should either of my two children predecease me, then and in that event, his or her share is hereby bequeathed to the children of their bodies that they presently have at the execution of this document.

Except in the event that one of her children might predecease her, none of the gifts in the will are merely "bequeathed" by the testator to her heirs. Furthermore, the property that is "bequeathed" in clause SIXTH is both real and personal and has already been "devised and bequeathed" to her children in clause FIFTH. This tends to negate the possibility that the testator was referring only to personal property in clause NINTH when she directed that all bequests to her heirs be net to them.

In addition, the testator's intention to include real property in clause NINTH can be derived from the fact that almost all of the specific dispositions of property in her will were of real, and not personal property. In fact, the only specific gift of personal prop-

erty in the will was a gift of jewelry to her granddaughter. If the testator had meant that only gifts of personal property were to have been net to the recipients, she could more easily have said "I direct that my gift of jewelry to my granddaughter shall be net to her." She did not say this, however, and in fact refers to *bequests* rather than a *bequest* in clause NINTH. Viewed as a whole, the will and testament of Gloria Paraliticci shows the testator's intent that all gifts in her will, whether of real or personal property, were to be net to the recipients.

■ For these reasons, the court finds that the payment of the mortgages on the real property at issue is the obligation of the Estate of Gloria Paraliticci, and not of her individual heirs.

B. The On-going Expenses Incurred by the Condominiums

The estate also asks this court to rule on the issue of whether the heirs to the condominiums, rather than the estate, are responsible for the maintenance fees, taxes, and other on-going expenses on the properties. Counsel for the estate cites several authorities, including RESTATEMENT (THIRD) OF PROPERTY, WILLS AND OTHER DONATIVE TRANSFERS § 3.1 cmt. a; *In re Estate of Vose*, 1957 U.S. Dist. LEXIS 2313, 3 V.I. 441 (D.V.I. 1957), and V.I. Code Ann. Tit. 28 § 6, all of which state the basic rule that title to real property vests in specified beneficiaries at the date of the testator's death.

This rule of a law is uncontroverted and the authorities that counsel cites are persuasive. However, there is a Virgin Islands statute that no one involved in this proceeding has yet cited, which speaks directly to the issue of fees, mortgages, and taxes on real property that has been specifically devised in a will. This statute, found at V.I. Code Ann. tit. 15 § 429, reads as follows:

> Where real property, subject to a mortgage executed by any ancestor or testator, or subject to any charge, including lien for unpaid purchase money . . . passes to a devisee, such . . . devisee must satisfy and discharge the mortgage or other charge out of his own property, without resorting to the executor . . . of his . . . testator, unless there be an express direction in the will of such testator, that such mortgage or other charge be otherwise paid.

This statute plainly agrees with the authorities that counsel has cited, except that it offers a caveat with regard to a testator's specific directions as stated in her will. As discussed at length above, the testator's will plainly states in clause NINTH that all bequests are to be net to the recipients.

In its petition, the estate seems to concede that the condominium mortgages would kill under clause NINTH of the will if the term "bequest" did not retain its common law meaning. However, their argument with regard to the other condominium expenses does not even make reference to clause NINTH. It can only be assumed that the estate believes that the testator was not referring to all of the charges on her property when she gave her direction that all bequests in her will were to be net to the recipients.

The words used in a will are to be interpreted according to their ordinary and natural meaning unless a different meaning indicated by the context or by the circumstances of the case. 80 Am Jur 2d Wills § 1154. *see Bough v. King*, 167 F. Supp. 191, 3 V.I. 391, 394 (D. V.I. 1958). The term "net" is defined by Black's Law Dictionary as "that which remains after all allowable deductions such as charges, expenses, discounts, commissions, taxes etc. are made." Black's Law Dictionary 6th ed. (1990) at 1040. There is a similar definition in the Webster's II, New Riverside University Dictionary, Houghton Mifflin Company (1994) in which "net" is defined as that which is "remaining after all deductions and adjustments have been made." As opposed to the "bequest" problem discussed above, there is no controversy as to what "net" means.

In this case, the Testator did not make a distinction as to whether the gifts were to be net of some charges, such as mortgages and liens, and not of others, such as condominium fees and taxes. Therefore, this court can only presume that she meant to exempt her heirs from all charges to which her property might have been subject.

■ Since the maintenance fees and taxes are on-going costs, they will continue to accrue long after this probate has concluded. In this way they are distinct from a mortgage which is a set amount. The estate cannot be expected to contribute to future fees and taxes that have not yet been levied. Therefore, although the will directs that all charges be paid out of the residuary estate, any charges that

may accrue after the close of this probate are not the responsibility of the estate. The estate, is, however, responsible to pay all on-going charges that are incurred by estate property until such time as this probate is closed.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that the will and testament of Gloria Paraliticci directs that all mortgages on the condominiums gifted under her will are to be paid out of her residuary estate. The court further concludes that the will and testament of Gloria Paraliticci directs that all fees and expenses incurred by any property owned by it are to be paid out of her residuary estate until such time as this probate is closed. The court will issue an appropriate order.